UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MARVIN SCOTT,

                Plaintiff,

v.                                         **DECISION AND ORDER**
                                                06-CV-473S

THE COUNTY OF ERIE, TIMOTHY HOWARD,
*Erie County Sheriff*, and JOHN DOE and
JOHN ROE, *said names being fictitious and
designate any and all unidentified Erie County
Deputy Sheriff defendants*,

                Defendants.

## I.  INTRODUCTION

Defendants removed this 42 U.S.C. § 1983 action from New York State Supreme Court, Erie County, to this Court on July 17, 2006.  Plaintiff Marvin Scott filed an additional Complaint on September 1, 2006, to which Defendants filed an Answer on September 20, 2006.  Presently before this Court is Defendants' Motion to Dismiss under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute, and under Rule 37(b) for failure to comply with court orders.  For the reasons stated below, Defendants' motion is granted.

## II.  BACKGROUND

Plaintiff was represented by counsel at the beginning of this case.  Counsel appeared before the Honorable Leslie G. Foschio, United States Magistrate Judge, on November 29, 2006, for a scheduling conference.  (Docket No. 6.)  Thereafter, Judge Foschio issued a scheduling order setting forth various pretrial deadlines.  (Docket No. 7.)  Pursuant to that order, counsel stipulated to the selection of a mediator and agreed to

mediate the case beginning on January 12, 2007.[1] (Docket No. 8). But Plaintiff could not be located to participate in the mediation session, so it was cancelled. (Docket No. 21.)

Plaintiff's counsel then filed a Motion to Withdraw as Counsel on April 19, 2007. (Docket No. 9.) Counsel's motion was based on his inability to contact Plaintiff, who did not return his calls. (Docket No. 9.) When counsel finally spoke to Plaintiff, he advised Plaintiff that he could not continue to represent him without his cooperation, to which Plaintiff responded that he understood and did not oppose counsel withdrawing from the case. (Docket No. 9.) On the same date — April 19, 2007 — Defendants filed a Motion to Compel discovery and for compliance with the scheduling order. (Docket No. 10.)

Judge Foschio held a motion hearing on counsel's Motion to Withdraw on May 30, 2007. (Docket No. 14.) Plaintiff did not attend. At the hearing, Judge Foschio granted counsel's motion from the bench, recognized that Plaintiff would proceed pro se, and advised that Plaintiff would be responsible for conducting discovery and proceeding with the case alone if he did not retain new counsel. (Docket No. 15.) Judge Foschio further ordered that Plaintiff's counsel send Plaintiff a letter to that effect. (Docket No. 15.)

Judge Foschio held a motion hearing on Defendants' Motion to Compel on June 20, 2007. (Docket No. 18.) Plaintiff again failed to appear. (Docket No. 18.) Judge Foschio granted Defendants' motion and directed that Plaintiff file and serve his Rule 26 mandatory disclosures by July 20, 2007. (Docket Nos. 18, 19.) Judge Foschio also issued an amended scheduling order. (Docket No. 20.)

Plaintiff failed to file and serve his Rule 26 mandatory disclosures by July 20, 2007,

---

[1] This stipulation, which was filed on December 19, 2006, erroneously lists the mediation date as January 12, *2006*. (Docket No. 8.)

as directed. Consequently, on July 31, 2007, Defendants filed the instant Motion to Dismiss for lack of prosecution and failure to comply with court orders. (Docket No. 22.) This Court issued a scheduling order on Defendants' motion on August 15, 2007, directing that Plaintiff file a response by August 31, 2007, and appear for oral argument on September 12, 2007 (later adjourned to September 19, 2007). (Docket Nos. 22, 23.) Plaintiff did not respond, nor did he appear for argument as directed. (Docket No. 25.) This Court therefore issued an order directing Plaintiff to appear on October 29, 2007, and show cause why his case should not be dismissed. (Docket No. 24.) Again, Plaintiff failed to appear. (Docket No. 26.) Accordingly, this Court took Defendants' motion under advisement at that time. (Docket No. 26.)

### III.  DISCUSSION

**A.    Dismissal under Rule 41(b) For Failure to Prosecute**

Dismissal of this case is warranted pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, which provides that:

> [f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

FED. R. CIV. P. 41(b).

Rule 41(b) does not define failure to prosecute. But the Second Circuit has stated that failure to prosecute "can evidence itself either in an action lying dormant with no significant activity to move it or in a pattern of dilatory tactics." Lyell Theatre Corp. v.

Loews Corp., 682 F.2d 37, 42 (2d Cir. 1982).  Dismissal pursuant to Rule 41(b) falls within the court's discretion.  See id. at 42-43 ("the scope of review of an order of dismissal is confined solely to whether the trial court has exercised its inherent power to manage its affairs within the permissible range of its discretion").  It is, however, "a harsh remedy to be utilized only in extreme situations."  Harding v. Fed. Reserve Bank, 707 F.2d 46, 50 (2d Cir. 1983) (quoting Theilmann v. Rutland Hosp., Inc., 455 F.2d 853, 855 (2d Cir. 1972) (per curiam); see also Chira v. Lockheed Aircraft Corp., 634 F.2d 664, 665 (2d Cir. 1980) (discussing the sanction of dismissal for failure to prosecute as "pungent, rarely used, and conclusive").  This is particularly true in cases involving pro se plaintiffs, where dismissal for failure to prosecute should be granted only "when the circumstances are sufficiently extreme."  Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996) (citing Nita v. Connecticut Dep't of Envtl. Prot., 16 F.3d 482, 487 (2d Cir. 1994)).

The following factors, none of which are dispositive, must be considered in determining whether dismissal for failure to prosecute is warranted: (1) the duration of the plaintiff's failures; (2) whether the plaintiff received notice that further delays would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) whether an appropriate balance has been struck between alleviating the court's calendar congestion and protecting the litigants' due process rights; and (5) whether lesser sanctions would be appropriate.  See United States ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 255 (2d Cir. 2004); Nita, 16 F.3d at 485; Feurtado v. City of New York, 225 F.R.D. 474, 477 (S.D.N.Y. 2004) (quoting Jackson v. City of New York, 22 F.3d 71, 74 (2d Cir. 1994)).  In the present case, these factors weigh in favor of dismissal.

**1.     Duration of Failures**

The relevant inquiry on this factor is twofold: (1) whether the plaintiff is at fault for failing to prosecute, and (2) whether the plaintiff's failures were of significant duration. See Norden Sys., 375 F.3d at 255.

In this case, Plaintiff is solely at fault for failing to prosecute: he did not cooperate with his attorney, which caused his attorney to withdraw from the case; he did not comply with Judge Foschio's several orders to file and serve his mandatory disclosures under Rule 26; he failed to comply with this Court's orders to file a response to Defendants' motion and to appear before this Court; and he has overall failed to communicate with Defendants' counsel and this Court.

With respect to duration, Plaintiff's inaction has caused unnecessary delay of more than ten months.  This is a failure of significant duration.  See Antonios A. Alevizopoulos & Assoc., Inc. v. Comcast Int'l Holdings, Inc., No. 99 Civ. 9311, 2000 WL 1677984, at *2 (S.D.N.Y. Nov. 8, 2000) (finding that delay of four months warranted dismissal).

Thus, this Court finds that this factor weighs in favor of dismissal — all delay is attributable to Plaintiff, and is of significant duration.

**2.     Notice of Dismissal**

The Second Circuit requires that the plaintiff receive adequate notice that his case could be dismissed due to inaction. See Martens v. Thomann, 273 F.3d 159, 180-81 (2d Cir. 2001).  In the present case, there can be no question that Plaintiff had adequate notice.  His attorney advised Plaintiff that the case could not go forward without his participation and cooperation; Judge Foschio advised Plaintiff that he had to prosecute this

case or retain counsel; and this Court warned Plaintiff twice that his failure to comply with the court's directives could lead to his case being dismissed. (Docket No. 22, 24.) Plaintiff actually received his attorney's warnings, and he is at least presumed to have received the court's warnings because they were sent to his address of record. See Local Rule 5.2(d). Because Plaintiff was on notice that his case could be dismissed, this factor strongly weighs in favor of dismissal. See Lyell Theatre, 682 F.2d at 42-43 (Rule 41(b) dismissal upheld where plaintiff was warned that dismissal for failure to prosecute was possible).

### 3. Prejudice to Defendants

The third factor requires an inquiry into whether the defendant has been prejudiced by the plaintiff's inaction. "Prejudice to defendants resulting from unreasonable delay may be presumed, but in cases where delay is more moderate or excusable, the need to show actual prejudice is proportionately greater." Lyell Theatre, 682 F.2d at 43 (citations omitted). In Lyell Theatre, the court presumed prejudice where the plaintiff on numerous occasions failed to file documents as directed by the court. Id. at 39-40, 43. Similar to the present case, the plaintiff in Lyell Theatre continued to ignore the court's orders even after he had been warned that he was risking dismissal. Id. at 39. Under Lyell Theatre, the prejudice to Defendants in this case may be presumed. Thus, this factor weighs in favor of dismissal.

### 4. Balance between Calendar Congestion and Due Process Rights

The fourth factor requires the court to consider the balance between calendar congestion and the plaintiff's right to present his or her case. See Norden Sys., 375 F.3d at 257. In this regard, "'a court must not let its zeal for a tidy calendar overcome its duty

to justice.'" Feurtado, 225 F.R.D. at 480 (quoting Davis v. United Fruit Co., 402 F.2d 328, 331 (2d Cir. 1968)). Plaintiff's inaction has caused Judge Foschio and this Court to prepare and file several scheduling orders, and to schedule and conduct several court proceedings. Although this expenditure of judicial resources is wasteful, this Court cannot conclude that the overall effect on docket congestion has been significant.

This Court notes that Plaintiff has been afforded Due Process rights in that he has been provided numerous opportunities to comply with the orders of this Court. Thus, Plaintiff's own failure to litigate this matter is not a denial of Due Process. See Dodson v. Runyon, 957 F.Supp. 465, 470 (S.D.N.Y. 1997) ("any claim that plaintiff's due process rights were violated thus cannot prevail because the delay and resultant dismissal of plaintiff's case are of his own making"); cf. Feurtado, 225 F.R.D. at 480 (repeated failure to comply with court orders diminishes a plaintiff's right to present his claims). Accordingly, this factor also weighs in favor of dismissal.

### 5. Consideration of Lesser Sanctions

Finally, the Second Circuit requires district courts to consider whether lesser sanctions would sufficiently remedy any prejudice resulting from the plaintiff's inaction. See Norden Sys., 375 F.3d at 257. Upon reviewing the entire record, it is this Court's opinion that Plaintiff has no intention of complying with this Court's Orders or properly litigating this case. Plaintiff has repeatedly ignored directives by failing to appear in court and failing to file discovery and other submissions as directed. Given the history of this case, this Court finds that any sanction short of dismissal would be ineffective. See Smith v. Human Res. Admin. of New York City, 2000 WL 307367, at *3 (S.D.N.Y. Mar. 24, 2000) (finding lesser sanctions inappropriate where past court orders did not motivate the plaintiff

to move the case forward); Alevizopoulos, 2000 WL 1677984, at 4 (finding lesser sanctions inappropriate based on repeated failures to comply with court orders). Thus, this final factor also weighs in favor of dismissal.

Accordingly, this Court finds that dismissal of this case is warranted under Rule 41(b) for Plaintiff's failure to prosecute.

**B.     Dismissal under Rule 37(b) For Failure to Comply with Discovery Orders**

"A district court may impose sanctions when 'a party . . . fails to obey an order to provide or permit discovery.'" Burns v. Imagine Films Entm't, Inc., 164 F.R.D. 594, 598 (W.D.N.Y. 1996) (quoting FED. R. CIV. P. 37(b)).  Rule 37 of the Federal Rules of Civil Procedure, which concerns the discovery obligations of civil litigants, vests district courts with "broad power" and discretion to impose sanctions, including dismissal, on parties who fail to adhere to discovery orders. See Friends of Animals, Inc. v. United States Surgical Corp., 131 F.3d 332, 334 (2d Cir. 1997) (per curiam); see also Jones v. J.C. Penney's Dep't Stores, Inc., 228 F.R.D. 190, 195 (W.D.N.Y. 2005) (identifying dismissal of the action as an available sanction under Rule 37); JSC Foreign Econ. Ass'n. Technostroyexport v. Int'l Dev. & Trade Servs., Inc., No. 03 Civ. 5562, 2005 WL 1958361, at *9 (S.D.N.Y. Aug. 16, 2005).

Although Rule 37 dismissal is a drastic remedy reserved for only extreme circumstances, it "is warranted . . . where a party fails to comply with the court's discovery orders willfully, in bad faith, or through fault." John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc., 845 F.2d 1172, 1176 (2d Cir. 1988) (and cases cited therein); see also Societe Int'l v. Rogers, 357 U.S. 197, 212, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958) (sanctions under Rule 37 justified where responding party has control over information

requested and fails or refuses production without showing of inability to comply with court's order).  Moreover, "dismissal with prejudice may be imposed even against a plaintiff who is proceeding pro se, so long as a warning has been given that noncompliance can result in dismissal." Valentine v. Museum of Modern Art, 29 F.3d 47, 50 (2d Cir. 1994) (per curiam).

For all of the reasons discussed above, this Court finds that dismissal of this case is also proper under Rule 37(b) for Plaintiff's failure to comply with Judge Foschio's discovery orders.

### IV. CONCLUSION

Mindful of the fact that cases brought by pro se plaintiffs should not readily be dismissed for procedural deficiencies, this Court concludes that Plaintiff's failures in this case go beyond procedural deficiencies and constitute actual neglect.  Plaintiff has failed to diligently prosecute this action, and has failed to comply with orders of this Court.   As such, because each of the factors relevant to the Rule 41(b) and Rule 37(b) analysis favor dismissal, this Court will dismiss this case with prejudice.

### V.  ORDERS

IT HEREBY IS ORDERED, that Defendants' Motion to Dismiss (Docket No. 21) is GRANTED.

FURTHER, that this case is dismissed with prejudice pursuant to Rules 41(b) and 37(b) of the Federal Rules of Civil Procedure.

FURTHER, that the Clerk of the Court is directed to close this case.

SO ORDERED.

Dated:     November 9, 2007
           Buffalo, New York

                                                    /s/William M. Skretny
                                                   WILLIAM M. SKRETNY
                                                 United States District Judge